```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

BONITA MEDIA ENTERPRISES, LLC,

        Plaintiff,

vs.                              Case No. 2:07-cv-411-FtM-29DNF

COLLIER COUNTY CODE ENFORCEMENT
BOARD, COLLIER COUNTY, a political
subdivision of the State of Florida,
COLLIER COUNTY BOARD OF COUNTY
COMMISSIONERS,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion for Abstention or, Alternatively, Stay of Proceedings (Doc. #27), filed on October 23, 2007. Plaintiff filed a Response (Doc. #30) in opposition on November 6, 2007, and defendants filed a Notice of Supplemental Authority (Doc. #33) on December 10, 2007.

**I.**

Plaintiff Bonita Media Enterprises, LLC (plaintiff or Bonita Media) owns and operates a mobile sign business which sells advertising on vehicles driven about the streets and highways of Collier County and other counties in Southwest Florida. In a December 18, 2006, Collier County Code Enforcement Notice of Violation, plaintiff was informed that on December 14, 2006, Investigator Kitchell T. Snow observed its "vehicle with moving

sign copy that changed approximately every 30 to 40 seconds advertising business, creating a traffic hazard through the attraction and/or distraction to the motorized public.  This is contrary to the Collier County Land Development Code and must be brought into compliance with current code."  (Doc. #8-2, Exh. A.) The Notice of Violation advised plaintiff that it must, on or before December 21, 2006, "cease displaying any sign that employs movement or motion or that gives the illusion of motion, whether said vehicle is in operation or stationary within the unincorporated area of Collier County.  Cease all future use of signs that do not comply with the Collier County Land Development Code." (Id.)

Plaintiff failed to comply, and the Notice of Violation was scheduled to be heard by the Collier County Code Enforcement Board (CEB).  Plaintiff's attorney filed a Memorandum of Response for the CEB's consideration, raising First Amendment issues, among others. A hearing before the CEB was held on May 24, 2007, at which plaintiff and its attorney participated.

In a June 4, 2007 written Findings of Facts, Conclusions of Law and Order of the Board (Doc. #8-4, Exh. C), the CEB found plaintiff to be in violation of Sections 5.06(U), 5.06.06(W), and 5.06.06(X), ordered plaintiff to immediately cease "displaying of any sign within Collier County that employs motion, or the illusion of motion, or any sign mounted on vehicle be it roof, bed, hood, truck and so on where the sign is made to attract or distract the

-2-

attention of motorists for the purpose of advertising a business, product, service or the like, attract or distract the attention of motorists for the purpose of advertising a business, product, service or the like whether or not said vehicle is parked or driven or any sign which constitutes a traffic hazard or detriment to traffic safety by its size, color, movement, content, coloring, or method of illumination." (Doc. #8-4, Exh. C.) If plaintiff did not comply, the CEB's Order imposed a fine of $1,000 per sighting. Plaintiff was also ordered to pay all operational costs incurred in the CEB prosecution.

On June 25, 2007, plaintiff filed an Administrative Appeal in the Circuit Court for the Twentieth Judicial Circuit in Collier County, Florida. This case remains pending.

Also on June 25, 2007, plaintiff filed its Complaint (Doc. #1) in the instant federal case. Plaintiff's operative pleading is a three-count Amended Complaint (Doc. #8) seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff asserts that the Collier County, Florida Sign Code is unconstitutional under the First (Count I) and Fourteenth (Count II) Amendments both on its face and as applied to it, and seeks a preliminary and permanent injunction against enforcement of the ordinance (Count II).

Defendants Collier County Code Enforcement Board, Collier County, and the Collier County Board of County Commissioners (collectively Collier County) seek to have the Court abstain from

exercising its jurisdiction in this case, or alternatively stay the federal proceedings, because of the on-going state court administrative appeal. Abstention is a "threshold question" for the Court. <u>Tenet v. Doe</u>, 544 U.S. 1, 6 n.4 (2005).

## II.

There is no dispute that federal court has jurisdiction over this case, since it is brought pursuant to 42 U.S.C. § 1983, and asserts violations of the First and Fourteenth Amendments to the United States Constitution. It is well settled that a federal court has a "virtually unflagging" obligation to adjudicate claims within its jurisdiction, subject to certain exceptions aimed at avoiding undue interference with state proceedings. <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 359 (1989); <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003). This obligation to adjudicate cases within its jurisdiction is particularly true in cases involving the First Amendment. <u>Houston v. Hill</u>, 482 U.S. 451, 467-70 (1987).

One of the exceptions to a federal court's obligation to adjudicate claims within its jurisdiction is founded upon <u>Younger v. Harris</u>, 401 U.S. 37 (1971), a criminal case which has been extended to civil enforcement proceedings, noncriminal judicial proceedings when important state interests are involved, and strictly civil proceedings. <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592 (1975); <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423 (1982); <u>Pennzoil Co. V. Texaco, Inc.</u>, 481 U.S. 1

(1987). Under Younger and its progeny, "[f]ederal courts should abstain from exercising their jurisdiction if doing so [i.e., exercising jurisdiction] would disregard the comity between the States and the National Government." Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004)(citations omitted). Younger abstention is applicable if (1) there is a pending state proceeding and the requested federal remedy would create an undue interference with that state proceeding, (2) the state proceeding implicates important state interests, and (3) the state proceeding provides plaintiff an adequate opportunity to raise its federal constitutional questions. Middlesex, 457 U.S. at 432; 31 Foster Children, 329 F.3d at 1274-80; Wexler, 385 F.3d at 1339. If these factors are satisfied, abstention is applicable unless there is a showing of bad faith, harassment, or some extraordinary circumstance that makes abstention inappropriate. Middlesex County, 457 U.S. at 435.

### III.

Initially, the Court rejects plaintiff's argument that it has shown bad faith, harassment, or some extraordinary circumstance that makes abstention inappropriate. Simply arguing that the Sign Code is "patently unconstitutional," as plaintiff has, does not establish bad faith, harassment, or extraordinary circumstances.

The Court also rejects plaintiff's argument that Collier County has waived its right to seek abstention because of the

substantial activity, time, and resources expended by *plaintiff*. Plaintiff cites no authority for the proposition that its activity can result in the waiver of an adverse party's rights. The only activity by Collier County cited by plaintiff is filing a response to plaintiff's motion for a preliminary injunction. Filing such a response hardly constitutes a waiver because it does not indicate a voluntary choice to submit to a federal forum. Such a response is required by Local Rules if the motion is opposed, which it is in this case. M.D. Fla. L.R. 3.01(b).

As to the first Middlesex factor, it is clear that there is a pending appeal of the CEB's action in the state circuit court. Defendant asserts that the federal action was filed after the state circuit court appeal (Doc. #27, pp. 7-8), while plaintiff asserts that it filed the state appeal after it filed the instant federal action. (Doc. #30, p. 3.) This is legally insignificant in this case because, having been filed on the same day, virtually nothing had been done in the federal case prior to the state case being filed. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1262 (11th Cir. 1997).

In addition to the mere pendency of a state proceeding, "an essential part of the first Middlesex factor in Younger abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." 31 Foster Children, 329 F.3d at 1276. To determine if the federal proceeding would interfere with the

state proceeding, the Court looks to the relief requested and the effect it would have on the state proceedings. Id. Indirect interference may be sufficient to trigger abstention. Id.

Count I of the Amended Complaint (Doc. #8) seeks a declaration "that the Sign Code is, on its face and as applied, unconstitutional" as a violation of the First Amendment. Count II seeks a declaration "that the Sign Code is unconstitutional" as a violation of due process under the Fourteenth Amendment both on its face and as applied. Count III seeks preliminary and permanent injunctions barring defendants from enforcing the Sign Code against plaintiff "and the world" and enjoining defendants' enforcement or collection of any fines imposed on plaintiff.

Nothing in the record suggests that the federal proceeding will interfere with the state circuit court proceeding. Plaintiff has elected not to pursue its federal constitutional claims in that proceeding. Thus, the state court's resolution of the state law claims will not be affected by a federal court's resolution of the federal constitutional claims. The interference component of the first Middlesex factor is not satisfied, and abstention is not warranted.

As to the second factor, the pending state court proceeding involves an appeal of an enforcement action which implicates important state interests. Collier County has an important interest in administering and enforcing its ordinances, including its Sign Code. The second Middlesex factor is satisfied.

-7-

As to the third factor, it is clear that plaintiff can raise its First and Fourteenth Amendment challenges in the state circuit court proceedings. The circuit court acts as an appellate court for challenges to final orders of a local code enforcement board. Art. V, § 5(b), Fla. Const.; FLA. STAT. § 162.11. This appeal constitutes a *certiorari* review of the record to determine whether the CEB provided due process, observed the essential requirements of the law, and based its ruling on competent substantial evidence. Deerfield Beach v. Vaillant, 419 So. 2d 624, 626 (Fla. 1982); Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995); Massey v. Charlotte County, 842 So. 2d 142, 144 (Fla. 2d DCA 2003). In this capacity, a state circuit court may consider and decide constitutional issues. Wilson v. County of Orange, 881 So. 2d 625, 631-32 (Fla. 5th DCA 2004); Holiday Isle Resort & Marian Assoc. v. Monroe County, 582 So. 2d 721, 721-22 (Fla. 3d DCA 1991).

The Court concludes that there has been no showing that the current posture of the two cases would result in federal interference with the state court proceedings if it resolves the federal constitutional questions. In light of this, the Court will exercise its discretion and deny defendants' request for abstention.

Accordingly, it is now

**ORDERED**:

Defendants' Motion for Abstention or, Alternatively, Stay of Proceedings (Doc. #27) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 27th day of December, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record